1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
                                 * * *
8
   RAUL M. RODRIGUEZ,                    Case No. 2:18-cv-01525-GMN-BNW
9
                         Plaintiff,           SCREENING ORDER
10         v.
11
   NEVADA BOARD OF PAROLE, et al.,
12
                         Defendants.
13

14         Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections

15 ("NDOC")**,** has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has

16 filed an application to proceed *in forma pauperis.*[1]  (ECF No. 1, 1-1).  The Court now

17 screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

18 **I.     SCREENING STANDARD**

19         Federal courts must conduct a preliminary screening in any case in which a

20 prisoner seeks redress from a governmental entity or officer or employee of a

21 governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

22 cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

23 upon which relief may be granted, or seek monetary relief from a defendant who is

24 immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however,

25 must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

26 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

27 elements: (1) the violation of a right secured by the Constitution or laws of the United

28
_____
[1] The Court will dismiss the application to proceed *in forma pauperis* as moot.

States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption

2

of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  SCREENING OF COMPLAINT

In his complaint, Plaintiff sues multiple defendants for events that took place while he was incarcerated by the NDOC. (ECF No. 1-1 at 1). He sues the Nevada Board of Parole ("the Board"), the State of Nevada, Tony Corda, Susan Jackson, Adam Endel, Michael Keeler, Connie Bisbee, Ed Gray, and Maurice Silva. (*Id.* at 1-4). Plaintiff alleges two counts and seeks monetary damages, immediate release on parole, an order that the Nevada Legislature change Nevada laws to parole inmates at the bottom of their sentencing ranges, and a declaration that Nevada's parole laws are unconstitutional. (*Id.* at 6, 10).

### A.  Count I

Count I alleges the following: The Board of Parole's reliance on immutable characteristics, such as the seriousness of the offense, to deny parole violates due process. (ECF No. 1-1 at 5). The Board failed to follow its own internal guidelines when assessing applicable aggravating and mitigating factors. (*Id.* at 6.) The Board relied on

three reasons relating to Plaintiff's history of obstructing police officers to apply mitigating factors. (*Id.*) Because these offenses were misdemeanor offenses, not felonies, the reasons for denial of parole are "fabricated." (*Id.*) In addition, the internal guidelines state that, if a person is now serving a sentence of life for murder or sexual assault, the aggravating factor should not apply as the person already has committed the most serious crime. (*Id.*) Based on this language, the aggravating factor should not have been applied to him. (*Id.*) This is an arbitrary and capricious exercise of discretion, which is contrary to the evidence and rules of law. (*Id.*) Plaintiff alleges that this violates the Fourteenth Amendment's Due Process Clause. (*Id.*)

### 1. *Heck/Wilkinson Bar*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id.* at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* As a result, the Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would

4

necessarily demonstrate the invalidity of confinement or its <u>duration</u>. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis added).

In Nevada, the parole consideration process generally begins with an initial assessment of whether to grant or deny a prisoner parole. The initial assessment is based on the prisoner's assigned risk level and the severity level of the crime for which parole is being considered. NAC § 213.516. As part of the initial assessment, the Parole Board sometimes takes into account aggravating and mitigating factors, such as whether the prisoner has committed increasingly serious crimes. *Id.*; NAC § 213.518. After establishing an initial assessment, the Board may consider aggravating and mitigating factors to determine whether to grant parole.[2] NAC § 213.518. However, the Board is free to deviate from the standards contained in NAC § 213.516 and NAC § 213.518, and the Board may deny parole even when the standards in these provisions indicate that parole should be granted. *See* NAC § 213.560.

Under Nevada law, when the Board is determining whether an aggravating factor in NAC § 213.518 applies, the Board is not to rely on a layperson's definition and understanding of the factor, but must instead correctly apply the Division of Parole and Probation guidelines as set forth in the *Nevada Parole Guidelines Aggravating and Mitigating Factors Definitions. See Anselmo v. Bisbee*, 396 P.3d 848, 852 (2017) (holding that aggravating factor of increasingly serious criminal history did not apply regardless of whether seriousness of prisoner's criminal history had increased because definition in the guidelines stated that the factor did not apply to person serving life sentence for murder).

Plaintiff appears to be challenging whether the Board correctly assessed certain aggravating factors. Even if a court were to find that the Board erred in its determination of how particular aggravating factors applied to Plaintiff under its internal guidelines, such errors would not necessarily imply the invalidity of the denial of parole; the Board might deny parole even if the factors were assessed correctly in accordance with the guidelines.

---

[2] In addition to specific factors identified in the administrative code, the Parole Board may consider "[a]ny other factor which indicates an increased risk that the release of the prisoner on parole would be dangerous to society or the prisoner." NAC § 213.518(2)(a), (o).

Furthermore, the potential relief would not be to order Plaintiff's release, but instead would be for the Board to correctly decide how the internal guidelines apply to the particular aggravating factors and hold another parole hearing to determine whether or not to grant parole. *Cf. Anselmo v. Bisbee*, 396 P.3d 848, 852 (2017). Therefore, *Heck* and *Wilkinson* do not bar Plaintiff's due process claim to the extent that the claim is based on Plaintiff's allegations that the Board incorrectly applied its internal guidelines regarding aggravating factors.

However, to the extent Plaintiff is alleging that the Board violated his due process rights by wrongly *denying him parole* based on certain facts, including immutable characteristics such as the seriousness of the offense, the claim is barred because it necessarily challenges the duration of Plaintiff's confinement.[3]

### 2. Due Process Claim

An error of state law is not a denial of due process. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011). Thus, a plaintiff may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Therefore, to the extent Plaintiff alleges that his due process rights were violated merely because the Board misapplied the guidelines, he fails to state a colorable due process claim and cannot do so.[4] *Cf. Anselmo v. Bisbee*, 396 P.3d 848, 852 (2017) (holding that the Board's misapplication of an aggravating factor during the initial assessment violated the prisoner's state statutory rights, but was not a due process violation).

Standard due process analysis requires a plaintiff to prove that he has a liberty interest or property interest and that the defendant deprived the plaintiff of that interest

---

[3] In addition, for the reasons discussed in Section II.A.2, even if *Heck* and *Wilkinson* did not bar this portion of the due process claim, Plaintiff could not state a due process claim based on this theory because Plaintiff does not have a liberty interest and because the failure to comply with state law does not constitute a violation of due process. Therefore, the Court will dismiss this claim with prejudice, as amendment would be futile.

[4] Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). If Plaintiff wishes to pursue claims for alleged violations of state law, he should pursue such claims in state court. *See, e.g., Anselmo v. Bisbee*, 396 P.3d 848 (2017). The Court expresses no opinions regarding the merits of any state law claims.

without the constitutionally required procedural protections. *Swarthout*, 562 U.S. at 219. A state may create a liberty interest in parole, which would then be subject to certain constitutionally mandated procedural requirements, but the mere presence of a parole system in a state does not give rise to a constitutionally protected liberty interest in parole. *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010). A state creates a liberty interest in parole only when its statutory parole provisions use mandatory language creating a presumption that parole release will be granted and limiting the parole board's discretion. *Allen*, 482 U.S. at 373-81. Nevada's statutory parole scheme, which applies to Plaintiff in the instant case, does not use mandatory language and hence does <u>not</u> create a constitutionally cognizable liberty interest in parole for Plaintiff. *Moor*, 603 F.3d at 661-62. Without a cognizable liberty interest in parole, a prisoner cannot state a due process claim. *Moor*, 603 F.3d at 662.

The Court finds that Plaintiff does not have a liberty interest in parole and therefore does not and cannot state a due process claim. Accordingly, the Court dismisses the due process claims with prejudice, as amendment would be futile.

**B. Count II**

Count II alleges the following: A class of inmates has been created by denying inmates parole at the bottom number of their sentence in order to drive and fund Nevada's conviction for profit legal system. (ECF No. 1-1 at 6). California and half the other states in the country guarantee parole at the "bottom number of the sentence." (*Id.*) In such situations, this provides a liberty interest sufficient to invoke the Due Process Clause. (*Id.*). However, Plaintiff's minimum sentence is ten years and he already had served ten years in prison when the Board denied him parole. (*Id.* at 4.) Plaintiff's lack of a liberty interest leads to a "(5) year dump," causing inmates to do more time that the statute intended. (*Id.* at 6). Plaintiff alleges that this violates the Equal Protection Clause of the Fourteenth Amendment and the Constitution's Ex Post Facto Clause. (*Id.*)

The Court finds that Plaintiff's claims are barred by *Heck* and *Wilkinson*. Plaintiff alleges that he was required to serve more time than was constitutionally permissible and that he was entitled to be released when he served his minimum term of ten years, but was not released at that time. According to the Complaint, Plaintiff is currently still imprisoned and he seeks an order for his immediate release. (*Id.* at 1, 10). Because Plaintiff has not shown that another court has invalidated the duration of his confinement, his equal protection and ex post facto claims are barred by *Heck* and *Wilkinson*. The Court therefore dismisses these claims without prejudice and without leave to amend.

## III. CONCLUSION

For the foregoing reasons, it is ordered that the Clerk of the Court will file the complaint (ECF No. 1-1) and will send Plaintiff a courtesy copy of the complaint.

It is further ordered that Count I is dismissed with prejudice as amendment would be futile.

It is further ordered that Count II is dismissed without prejudice and without leave to amend.

It is further ordered that the application for leave to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that the Clerk of the Court shall enter judgment accordingly and close this case.

DATED THIS 5 day of June 2019.

_____
GLORIA M. NAVARRO, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE